[786 NYS2d 352]

# In the Matter of DAVID S. DINDIAL (Admitted as DAVID STANLEY DINDIAL), an Attorney, Resignor.

Second Department, December 27, 2004

## APPEARANCES OF COUNSEL

*David S. Dindial*, Douglaston, resignor pro se.

*Diana Maxfield Kearse*, Brooklyn (*Sharon F. Gursen* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

## OPINION OF THE COURT

Per Curiam.

David S. Dindial has submitted an affidavit dated August 9, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Dindial was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 14, 1997, under the name David Stanley Dindial.

Mr. Dindial avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting a resignation.

Mr. Dindial is aware that the Grievance Committee is currently investigating four complaints of professional misconduct against him, including one relating to his criminal conviction for petit larceny. On January 22, 2004, Mr. Dindial entered a plea of guilty to petit larceny in Criminal Court, Queens County, in violation of Penal Law § 155.25, a class A misdemeanor. He was sentenced on March 23, 2004 to a one-year conditional discharge.

Mr. Dindial acknowledges that if disciplinary charges were predicated upon the foregoing conviction, he could not successfully defend himself on the merits. His resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing him to make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a) (a). Mr. Dindial acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the submitted resignation conforms with the requirements of 22 NYCRR 691.9, the Grievance Committee urges its acceptance.

Based on the foregoing, the resignation of David S. Dindial, admitted as David Stanley Dindial, is accepted, and, effective immediately, he is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., SANTUCCI, FLORIO, S. MILLER and SMITH, JJ., concur.

Ordered that the resignation of David S. Dindial, admitted as David Stanley Dindial, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David S. Dindial, admitted as David Stanley Dindial,

is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David S. Dindial, admitted as David Stanley Dindial, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David S. Dindial, admitted as David Stanley Dindial, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if David S. Dindial, admitted as David Stanley Dindial, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and that Mr. Dindial shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).